IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| SANFORD WOODRUFF, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-22-0826 |
| MATTHEW ALVEY, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Sanford Woodruff, a resident of Maryland, brings this negligence action against Defendant Matthew Alvey, a citizen of Virginia, for a car accident that occurred on January 12, 2019. ECF No. 1; ECF No. 4. Plaintiff seeks greater than $75,000 in damages. Pending before the Court is Defendant's Motion to Dismiss and/or for Summary Judgment. ECF No. 9. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Defendant's Motion is denied.

**I.   BACKGROUND**

According to the Complaint, Plaintiff Woodruff alleges that on January 12, 2019, at approximately 1:30pm, he stopped at a stop sign in his motor vehicle and was struck from behind by Defendant Alvey's vehicle. ECF No. 4 ¶ 2. The collision took place at the exit of the Glenmont Metro Station in Montgomery County, Maryland. *Id.* Plaintiff alleges that he incurred, as the sole and proximate result of Defendant's negligence, "serious and painful personal injuries to his body including, but not limited to, head, neck and back." *Id.* ¶ 5. He requests damages in excess of $75,000. *Id.*

Defendant has subsequently asserted that he is a federal employee and was employed by the 1st Capabilities Integration Group, a branch of the U.S. Army, and acting within the scope of his employment at the time of the accident. ECF No. 9 ¶ 2; *see* ECF No. 10; ECF No. 10-1; ECF No. 10-2. Plaintiff charges that he was unaware of Defendant's employment status until the time of Defendant's filing. ECF No. 11-1.

On January 10, 2022, Plaintiff filed a Complaint in the Circuit Court for Montgomery County, Maryland. On April 11, 2022, Defendant removed the matter to this Court. ECF No. 1 at 1.[1] On May 12, 2022, Defendant filed a Motion to Dismiss and/or for Summary Judgment. ECF No. 9. Plaintiff responded, ECF No. 11, and Defendant replied, ECF No. 12.

## II.     STANDARD OF REVIEW

Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alterative, for summary judgment pursuant to Rule 56(a). ECF No. 9.

### A. Motion to Dismiss

Under Rule 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted. When deciding a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint," and "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). Rule 8(a)(2) provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss invoking Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### B. Motion for Summary Judgment

A court considers only the pleadings when deciding a Rule 12(b)(6) motion. Where the parties present matters outside of the pleadings, and the court considers those matters, the court will treat the motion as one for summary judgment. *See Gadsby v. Grasmick*, 109 F.3d 940, 949 (4th Cir. 1997); *Mansfield v. Kerry*, No. DKC-15-3693, 2016 WL 7383873, at *2 (D. Md. Dec. 21, 2016). All parties must be given some indication by the Court that it is treating a motion to dismiss as one for summary judgment, "with the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). When the moving party styles its motion as a "Motion to Dismiss and/or for Summary Judgment," as in the case here, and attaches additional materials to its motion, the non-moving party is considered notified, and the Court may treat the motion as one for summary judgment. *See Laughlin v. Metropolitan Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998).

A court may grant a motion for summary judgment only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A material fact is one that constitutes an "essential element" to a party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue as to a material fact exists if the evidence that the parties present to the court is sufficient to indicate the existence of a factual dispute that could be resolved in the non-moving party's favor through trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

**III.     DISCUSSION**

Defendant asserts that, at the time of the accident, he was employed by the 1st Capabilities Integration Group, a branch of the U.S. Army, and was acting under official travel orders within the scope of his employment when the accident occurred. ECF No. 9-1 at 1. Therefore, he alleges, he is immune from liability under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), and 2671–2680. *Id.* In response, Plaintiff argues that he was not told at any point that Defendant was a federal employee, and that, in any event, Defendant has not shown that he was acting within the scope of his employment when the accident occurred. ECF No. 11-1 at 3–4.

"The FTCA allows the United States to be sued for certain torts committed by its employees." *Butt v. Williams*, No. CV CBD-20-2318, 2021 WL 3172271, at *2–3 (D. Md. July 27, 2021) (quoting *Salazar v. Ballesteros*, 17 F. App'x 129, 130 (4th Cir. 2001)). The Federal Employees Liability Reform and Tort Compensation Act of 1988 (the "Westfall Act"), 28 U.S.C. § 2679, which amended the FTCA, "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1)). However, "to receive the benefit of the FTCA," a federal-employee defendant must "wait until suit is filed and then comply with the FTCA's requirements." *United Servs. Auto. Ass'n v. United States*, 105 F.3d 185, 187 (4th Cir. 1997). Indeed, there are "specific procedures that must be followed both by the federal employee who has been sued and by the claimant."[2] *Id.* The Westfall Act provides, in relevant part, the following:

> The employee against whom such civil action or proceeding is brought *shall deliver* within such time after date of service or knowledge of service as determined by the Attorney

---

[2] As the claimant, Plaintiff is also responsible for meeting certain statutory requirements. *See Butt*, 2021 WL 3172271, at *3 n.3 (citing 28 U.S.C. §§ 2401(b), 2675(a)).

>General, all process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the head of his department to receive such papers and such person shall promptly furnish copies of the pleadings and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the head of his employing Federal agency.

28 U.S.C. § 2679(c) (emphasis added).

After suit papers have been presented, the Attorney General may certify that the federal employee was acting within the scope of his employment during the alleged tortious act. 28 U.S.C. § 2679(d)(1). Upon certification, the United States is substituted as the sole defendant, *id.* § 2679(d)(2), and "the plaintiff's sole route for recovery is the Tort Claims Act," *Maron v. United States*, 126 F.3d 317, 321 (4th Cir. 1997). Further, if the Attorney General declines to certify that the federal employee was acting within the scope of his employment, the employee may petition the court for certification. 28 U.S.C. § 2679(d)(3).

Here, the Court takes note of Defendant's affidavit asserting that he was a federal employee at the time of the accident. ECF No. 10-2. However, it appears that "the Westfall Act never was activated." *Salazar*, 17 F. App'x at 131 (4th Cir. 2001). Indeed, Defendant has presented no evidence that he has followed the "elaborate" procedures required by the statute. *Id.* Merely invoking FTCA protections in this Court is insufficient, and thus, at this time, Defendant's assertion of immunity is premature. "While Defendant is correct in stating that the FTCA protects federal employees from tort claims arising from their scope of employment, the burden is on Defendant to satisfy the statutory and procedural elements in order to obtain personal immunity." *Butt*, 2021 WL 3172271, at *3; *see Price v. City of Rock Hill*, No. CV 0:21-2686-TLW-SVH, 2022 WL 1446887, at *7 (D.S.C. Mar. 16, 2022), *report and recommendation adopted*, No. 0:21-CV-02686-TLW, 2022 WL 1261352 (D.S.C. Apr. 27, 2022) (holding same). Accordingly, Defendant's Motion will be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss and/or for Summary Judgment is denied. A separate Order follows.

Date: <u>January 31, 2023</u>              ___/s/_____
                                           GEORGE J. HAZEL
                                           United States District Judge