IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SANFORD WOODRUFF,** | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No: 8:22-cv-00826-JMC |
| **MATTHEW ALVEY,** | * | |
| *Defendant.* | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

On April 11, 2022, Defendant Matthew Alvey removed the case *sub judice* to this Court. (ECF No. 1). On May 12, 2022, Defendant filed a motion to dismiss. (ECF No. 9). On January 31, 2023, Judge Hazel issued a memorandum opinion and order denying Defendant's motion to dismiss. (ECF Nos. 13 & 14). Defendant filed his Answer (ECF No. 15) on February 2, 2023, and the case was reassigned to the undersigned for all further proceedings on February 23, 2023. (ECF No. 16). The parties consented to the undersigned's jurisdiction on March 14, 2023. (ECF No. 20). Presently before the Court is Defendant's Motion to Temporarily Stay Proceedings.[1] (ECF No. 18). The Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons explained below, Defendant's Motion is granted, and this case is stayed until the earlier of Defendant's return from his station in Baghdad or October 1, 2023.

Plaintiff Sanford Woodruff's case arises from a January 12, 2019 automobile accident. (ECF No. 18 at p. 1). At the time of the accident, Defendant was employed by the 1st Capabilities

---

[1] Defendant's Motion indicates that "Plaintiff's counsel did not consent to the relief requested herein." (ECF No. 18 at p. 2). However, as of the date of this Memorandum Opinion and Order, Plaintiff has not filed a formal opposition to Defendant's Motion. This Court's Local Rules provide, "Unless otherwise ordered by the Court, all memoranda in opposition to a motion shall be filed within fourteen (14) days of the service of the motion . . . ." Loc. R. 105.2(a). Plaintiff's opportunity to formally oppose Defendant's motion has passed.

Integration Group, which is a branch of the U.S. Army. *Id.* Defendant was acting pursuant to official travel orders within the course and scope of his employment when the accident occurred. *Id.* Currently, Defendant is stationed in Baghdad through September 2023. *Id.* Defendant argues that his current station would present undue hardship in completing discovery, including depositions. *Id.*

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)) (internal quotation marks omitted). Courts considering a motion to stay generally consider three factors:

> (1) the impact on the orderly course of justice, sometimes referred to as judicial economy, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay; (2) the hardship to the moving party if the case is not stayed; and (3) the potential damage or prejudice to the non-moving party if a stay is granted.

*Trice v. Oliveri & Assocs., LLC*, No. GLR-19-3272, 2020 WL 13042297, *2 (D. Md. Dec. 18, 2020) (quoting *Int'l Refugee Assistance Project, LLC*, 323 F. Supp. 3d 726, 731 (D. Md. 2018)). "Additionally, courts consider the length of the requested stay . . . ." *Bethel Ministries, Inc. v. Salmon*, No. SAG-19-01853, 2020 WL 1873623, *2 (D. Md. Apr. 15, 2020) (other citation omitted). "Importantly, [t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Id.* (citing *Willford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th. Cir. 1983)) (other citation and internal quotation marks omitted).

Here, Defendant is requesting a stay of approximately seven months. Plaintiff has not indicated to the Court that Plaintiff would face any hardship by the stay. However, Defendant has asserted that he will be "prejudiced and face hardship if the stay is not granted given [that] he is

overseas and in active duty for the U.S. Military."[2] (ECF No. 18 at p. 2). Furthermore, Defendant indicates that his station is in a "remote area," thereby inhibiting his ability to adequately aid in his defense. *Id.* A stay at this juncture will likely promote judicial economy because it is reasonably foreseeable that discovery and any proposed scheduling order would be frustrated by Defendant's station.

Accordingly, Defendant's Motion to Temporarily Stay Proceedings (ECF No. 18) is hereby GRANTED. Therefore, it is ORDERED that:

1. This case is stayed until the earlier of Defendant's return from his station in Baghdad or October 1, 2023; and

2. Upon his return from his station, Defendant shall notify opposing counsel and the Court. At that juncture, the Court shall issue a proposed scheduling order for this case.

Date: March 22, 2023

/s/
J. Mark Coulson
United States Magistrate Judge

---

[2] The Court notes that Defendant has not requested a stay pursuant to the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901–4043.