# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SANFORD WOODRUFF**, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No. 1:22-cv-00826-JMC |
| **MATTHEW ALVEY.** | * | |
| *Defendant*. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff, Sanford W. Woodruff, filed the present negligence action on January 6, 2022, against the Defendant, Matthew Alvey, in his individual capacity.  (ECF No. 4).  Defendant subsequently removed the case to this Court on April 4, 2022.  (ECF Nos. 1, 5).  Presently before the Court is Defendant's Motion to Substitute the United States of America as Defendant ("Motion to Substitute") (ECF No. 23) and Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction ("Motion to Dismiss") (ECF No. 24).  The Court has considered both Motions, Plaintiff's Opposition to the Motion to Dismiss (ECF No.26),[1] and Defendant's Reply thereto (ECF No. 27).  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2023).  For the reasons that follow, both Motions will be **GRANTED**.

---

[1] Plaintiff filed an Opposition to the Motion to Dismiss on October 12, 2023.  Plaintiff argues therein exclusively that dismissal is improper, but chose not to respond to Defendant's Motion to Substitute.  Defendant's Motion to Substitute is therefore unopposed.  *See* Loc. R. 105.2(a) (D. Md. 2023).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff halted at a stop sign while exiting the Glenmont Metro Station[2] at approximately 1:30 p.m. on January 12, 2019.  (ECF No. 4 at p. 1).[3] Defendant struck Plaintiff's vehicle from behind shortly thereafter, "Causing the Plaintiff to sustain severe and permanent personal injuries." *Id.* at p. 2.  According to Plaintiff, Defendant negligently operated his motor vehicle by failing to keep a proper lookout, failing to maintain his speed to avoid the collision, failing to maintain a safe following distance, operating his vehicle at a speed greater than reasonable under the circumstances, and otherwise failing to operate his motor vehicle in a reasonable manner.  *Id.* Accordingly, Plaintiff submits that he suffered injuries to his head, neck, and back resulting from the incident and filed the present action sounding in negligence.  *Id.*

This is not the first motion to dismiss in this case.  Defendant previously sought dismissal of Plaintiff's Complaint on May 12, 2022, on the ground that Defendant was employed by the United States and acting in his official capacity within the scope of his employment when the accident occurred and therefore is immune from liability under the Federal Tort Claims Act ("FCTA").  *See generally* (ECF No. 9).  United States District Judge Hazel denied the motion to dismiss, reasoning that Defendant failed to abide by the applicable statutory and procedural steps necessary to obtain personal immunity under the FTCA.  *See* (ECF No. 13).  Specifically, Judge Hazel noted that although Defendant argued he was immune from liability by virtue of acting

---

[2] Located in Silver Spring, Maryland, the Glenmont Metro Station "serves the suburban neighborhoods of Glenmont and Aspen Hill" via the Red Line as part of Washington, D.C.'s, robust metro system.  *See Glenmont*, Wash. Metro. Area Transit Auth., https://www.wmata.com/rider-guide/stations/glenmont.cfm (last visited October 26, 2023).

[3] At the motion to dismiss stage, the Court "accept[s] as true all well-pleaded facts and construe[s] them in the light most favorable to the plaintiff."  *Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 268 (4th Cir. 2022).  When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

within the scope of his employment when the accident occurred, that Defendant had not submitted proper evidence to support that contention. *Id.* Defendant then filed an Answer to Plaintiff's Complaint on February 2, 2023, before the case was temporarily stayed on March 22, 2023, for seven months because Defendant was overseas and in active duty for the U.S. Army. (ECF Nos. 15, 21). Now that the stay has been lifted, Defendant's homecoming is accompanied by the present Motions.

## II.   STANDARD OF REVIEW

Defendant styles its Motion to Dismiss as one for lack of subject matter jurisdiction. "A federal court generally may not rule on the merits of a case without first determining that it has subject matter jurisdiction." *Scapes v. McKimm*, No. CIV WDQ-09-2231, 2009 WL 4726613, at *1 (D. Md. Dec. 1, 2009). A motion to dismiss for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1). Where a moving party contends that a plaintiff's complaint "simply fails to allege facts upon which subject matter jurisdiction can be found," the moving party should prevail "only if the jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 174 F. Supp. 2d 388, 391 (D. Md. 2001) (internal quotations omitted).

However, the United States Supreme Court recently held in *United States v. Wong* that "the FTCA's time bars are nonjurisdictional" because Congress has provided no clear intent to make the FTCA statute of limitations jurisdictional as opposed to "a mere claims-processing rule." 575 U.S. 402, 420 (2015); *see also United States v. Wheeler*, 886 F.3d 415, 424 (4th Cir. 2018) ("In [*Wong*], the Court decided that the statute of limitations set forth in the [FTCA] was not jurisdictional."). Defendant's reliance on Rule 12(b)(1) is therefore misplaced. Nevertheless, "A district court may *sua sponte* dismiss a complaint for failure to state a claim [under Rule 12(b)(6)],

3

and where the facts of a complaint plainly fail to state a claim for relief, the district court has 'no discretion but to dismiss it.'" *Maryland v. Territory of Md.*, No. CV PX 16-3426, 2017 WL 1807157, at *2 (D. Md. May 5, 2017) (quoting *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 n.10 (4th Cir. 2006)); *see also Mobley v. Rudez*, 106 F.3d 391, at *1 (4th Cir. 1997) ("A court may, on its own initiative, dismiss a civil complaint for failing to state a claim."). This is particularly the case where a plaintiff has failed to exhaust administrative remedies or enumerated pre-conditions to a particular type of claim. *Custis v. Davis*, 851 F.3d 358, 361–62 (4th Cir. 2017). Case law from this Court further indicates that this Court regularly reviews motions to dismiss FTCA claims on the grounds that they are time-barred under a Rule 12(b)(6) standard. *See, e.g.*, *Brown v. U.S. Dep't of Just.*, No. CV PJM 16-3541, 2017 WL 3149796 (D. Md. July 25, 2017), *aff'd as modified*, 710 F. App'x 130 (4th Cir. 2018); *Thompson v. United States*, No. CV RDB-15-2181, 2016 WL 2649931 (D. Md. May 10, 2016), *aff'd*, 670 F. App'x 781 (4th Cir. 2016); *Parker v. U.S. Postal Serv.*, No. CV RDB-16-562, 2016 WL 7338412 (D. Md. Dec. 19, 2016). Accordingly, the Court may dismiss an FTCA claim as time-barred if "the allegations in a complaint do not 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Brown*, 2017 WL 3149796 at *2 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## III.  DISCUSSION

### A.  Defendant's Motion to Substitute Will be Granted

Defendant first seeks to substitute himself with the United States of America pursuant to the FTCA. (ECF No. 23). "In a case brought pursuant to the [FTCA], the proper defendant is the United States, and not the individual employee." *Messino v. McBride*, 174 F. Supp. 2d 397, 398 (D. Md. 2001). This is because, under the FTCA, "Federal employees acting within the scope of their office or employment are immunized from liability for their negligent or wrongful acts or

omissions." *Id.* n.1 (citing 28 U.S.C. § 2679(b)(1)).  Thus, "When a federal employee is sued, the United States Attorney, acting on behalf of the Attorney General, must certify whether that employee was in fact acting within the scope of his or her employment at the time of the alleged tortious act" in order for substitution to be proper.  *Maron v. United States*, 126 F.3d 317, 321 (4th Cir. 1997).  Mr. Alvey was a federal employee—employed by a branch of the U.S. Army—at the time of the motor vehicle accident.  Moreover, United States Attorney Erek L. Barron certified on May 31, 2023, that Mr. Alvey was "acting within the scope of his employment as an employee of the United States at all times relevant to the allegations contained in Plaintiff's Complaint."  (ECF No. 23-1).[4]  Therefore, and noting Plaintiff's lack of opposition on this issue, Defendant's Motion to Substitute is **GRANTED** and the United States of America shall be substituted as the Defendant in the case *sub judice* in place of Mr. Alvey.

### B.   Defendant's Motion to Dismiss Will be Granted

An essential "prerequisite to filing suit under the FTCA involves the presentation of an administrative claim to the government within two years of the incident.'"  *Boone v. Conaway*, No. CIV.CCB-10-790, 2010 WL 2163837, at *1 (D. Md. May 27, 2010) (quoting *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000)).  This prerequisite stems from 28 U.S.C. § 2401(b), which provides that "A tort claim against the United States *shall be forever barred* unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues

---

[4] Judge Hazel noted in his previous Memorandum Opinion that Defendant failed to submit a sufficient certification that Mr. Alvey was acting within the scope of his employment at the time of the motor vehicle accident because Mr. Alvey submitted only an affidavit in which he certified, himself, that he was acting within the scope of his employment.  (ECF No. 13).  Thus, Mr. Alvey did not satisfy the conditions set forth in 28 U.S.C. § 2679(d)(1): "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." However, Defendant's newly proffered certification satisfies this requirement and therefore Defendant has cured the deficiency.

or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." (emphasis added). Defendant argues that dismissal is therefore proper because "Plaintiff did not submit an administrative claim to the United States Army." (ECF No. 24 at p. 3). Plaintiff rebuts that his cause of action accrued on September 28, 2023, when Plaintiff received the Attorney General certification, and accordingly requests the opportunity to now file "the requisite SF-95 Form with the U.S. Army Claims Department." (ECF No. 26 at p. 2). That is, Plaintiff argues that the statute of limitations should not begin to run until the time he learned that Mr. Alvey was a government employee, acting in the scope of his employment.

This Court has held that "A tort claim pursuant to the FTCA accrues when the plaintiff knows or reasonable should know of the existence and the cause of his injury." *Hill v. U.S. Navy*, No. CIV.A. ELH-15-2270, 2015 WL 4770892, at *2 (D. Md. Aug. 12, 2015); *see also Mills v. Hogan*, No. 20-CV-3767-LKG, 2022 WL 1110484, at *3 (D. Md. Feb. 18, 2022), *aff'd*, No. 22-6421, 2022 WL 17985697 (4th Cir. Dec. 29, 2022) (noting that, under federal law, "A claim accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action.") (quotation omitted). Plaintiff cites two cases from the Seventh Circuit Court of Appeals in which that court held that "An FTCA claim accrues when: (A) an individual actually knows enough to tip him off that a governmental act (or omission) may have caused his injury; *or* (B) a reasonable person in the individual's position would have known enough to prompt a deeper inquiry." *Arroyo v. United States*, 656 F.3d 663, 669 (7th Cir. 2011) (emphasis in original); *see also E.Y. ex rel. Wallace v. United States*, 758 F.3d 861, 866 (7th Cir. 2014). But we are not in the Seventh Circuit. Rather, Fourth Circuit precedent indicates that "The statute of limitations under the FTCA commences to run from the date of accrual and does not wait

6

until a plaintiff is aware that an alleged tort-feasor is a federal employee." *Gould v. U.S. Dep't of Health and Hum. Servs.*, 905 F.2d 738, 745 (4th Cir. 1990); *Trimilove v. United States*, No. CIV. A. HAR-93-2642, 1994 WL 550710, at *2 n.1 (D. Md. Sept. 30, 1994) ("Although the accident occurred on August 9, 1990, [plaintiff] argues that her cause of action did not start to accrue until after [plaintiff] ascertained [defendant's] federal employee status; however, [plaintiff's] argument has no merit.  Under the FTCA, the statute of limitations commences to run from the date of accrual and does not wait until a plaintiff is aware that an alleged tort-feasor is a federal employee.  A plaintiff bears the burden of determining the legal identity of the tortfeasor and showing that due diligence was exercised and that critical information, reasonable investigation notwithstanding, was undiscoverable.  [Plaintiff] has not demonstrated that she exercised reasonable care in investigating the employment status of [defendant] and bringing suit within the statute of limitations period.") (quotations omitted); *Logan v. United States*, 851 F. Supp. 704, 708 (D. Md. 1994) ("Plaintiff gains no ground by asserting that he did not know for some time that [the tort-feasor] was a federal employee acting within the scope of his employment . . . Plaintiff has produced no evidence that, despite due diligence and reasonable investigation on his part, critical information as to [the tort-feasor's] federal employee status was undiscoverable."); *Gould*, 905 F.2d at 745 ("The government is under no obligation to notify every prospective plaintiff of its identity and involvement through its employees in all potential legal actions.  The burden is on the plaintiff to discover the employment status of the tort-feasor and to bring suit within the applicable limitations period.").

Plaintiff knew or reasonably should have known the existence and cause of his injury on January 12, 2019, when the motor vehicle accident allegedly occurred.  *Blanchard v. United States*, No. CIV.A. PJM-13-768, 2013 WL 5603294, at *3 (D. Md. Oct. 10, 2013) (concluding that

plaintiff's cause of action under the FTCA accrued on the date of his injury); *Thompson*, 2016 WL 2649931 at *4 (same).[5]   It was Plaintiff's burden from thereon to exercise reasonable care in investigating the employment status of Mr. Alvey.  Plaintiff presents no evidence that he engaged in such a reasonable investigation.  Nor does Plaintiff indicate or argue that the FTCA statute of limitations should be equitably tolled because of any misconduct on behalf of the Defendant.  *See, e.g.*, *Hill*, 2015 WL 4770892 at *2.  Plaintiff did not present his claim to the U.S. Army within two years from the date that his cause of action accrued.  Rather, Plaintiff's Opposition indicates that he has not presented his claim to the U.S. Army at all.  *See* (ECF No. 26 at p. 2) (requesting the opportunity to present his claim to the U.S. Army Claims Department).   So if the statute of limitations prescribed by the FTCA was a jurisdictional bar, this Court would not have the authority to decide the merits of this case given Plaintiff's failure to initiate this administrative process.  Alternatively under a Rule 12(b)(6) standard considering the Supreme Court's holding in *Wong*, Plaintiff's claim must also be dismissed because his Complaint cannot plausibly allege a viable cause of action because Plaintiff failed to file an administrative claim with the U.S. Army within two years from the accrual of his cause of action or prior to commencing this action.  *See Brown*, 2017 WL 3149796 at *4–5 (dismissing FTCA claim with prejudice where plaintiff failed to file his administrative claim within the two-year statute of limitations imposed by § 2401(b)); *Thompson*, 2016 WL 2649931 at *4 (same); *Parker*, 2016 WL 7338412 at *3–4 (same); *Lucas v. United States*, 664 F. App'x 333 (4th Cir. 2016) (per curiam) (affirming district court's dismissal

---

[5] Even if Plaintiff's cause of action accrued when he learned that Mr. Alvey was a federal employee, Plaintiff's cause of action would not have accrued on September 28, 2023, as Plaintiff suggests.  (ECF No. 26).  Plaintiff had actual notice that Mr. Alvey was a federal employee when Defendant filed its initial motion to dismiss and asserted as much therein, which occurred on May 12, 2022.  (ECF No. 9).  Regardless, Plaintiff's claim accrued on the date of the motor vehicle accident for the reasons explained throughout.

of FTCA claim for failure to abide by the FTCA's limitations period).  Accordingly, Defendant's

Motion to Dismiss is **GRANTED** with prejudice because it is time-barred under the FTCA.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Substitute the United States of America

as Defendant (ECF No. 23) is **GRANTED**.  Additionally, newly-substituted-Defendant United

States of America's Motion to Dismiss for Lack of Subject-Matter Jurisdiction (ECF No. 24) is

**GRANTED**.  The Clerk of the Court is thereby politely directed to close the case.

Dated: October 27, 2023                                     _____/s/_____
                                                            J. Mark Coulson
                                                            United States Magistrate Judge