## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **SANFORD W. WOODRUFF**, | * |
| *Plaintiff*, | * |
| v. | *    Civil Case No. 1:22-cv-00826-JMC |
| **UNITED STATES OF AMERICA,** | * |
| *Defendant*. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff, Sanford W. Woodruff, originally filed the present negligence action on January 6, 2022, against Matthew Alvey in his individual capacity.  (ECF No. 4).[1]  Defendant subsequently removed the case to this Court on April 4, 2022.  (ECF Nos. 1, 5).  This Court previously dismissed Plaintiff's lawsuit on October 27, 2023, reasoning that Plaintiff's claim was time-barred for failing to promptly exhaust his administrative remedies as required by the FTCA.  *See Woodruff*, 2023 WL 7110517.  Presently before the Court is Plaintiff's Motion to Alter or Amend Judgment (the "Motion").  (ECF No. 29).  The Court has considered the Motion and Defendant's opposition thereto.  (ECF No. 30).[2]  No hearing is necessary pursuant to Local Rule 105.6 (D. Md. 2023).  For the reasons that follow, Plaintiff's Motion will be **DENIED**.

---

[1] The Court previously granted Defendant's unopposed motion to substitute the United States of America as the sole defendant in this case because Alvey is a federal employee who was acting within the scope of his employment when the alleged negligence occurred, thus making Alvey immune from liability under the Federal Tort Claims Act ("FTCA").  *See Woodruff v. Alvey*, No. 1:22-CV-00826-JMC, 2023 WL 7110517, at \*2 (D. Md. Oct. 27, 2023); *Messino v. McBride*, 174 F. Supp. 2d 397, 398 (D. Md. 2001) ("In a case brought pursuant to the [FTCA], the proper defendant is the United States, and not the individual employee."); 28 U.S.C. § 2679(b)(1).

[2] Plaintiff did not file a reply to Defendant's opposition pursuant to the Court's briefing schedule laid out in the Local Rules.  *See* Loc. R. 105.2 (D. Md. 2023).

## I.  BACKGROUND

The facts underlying this case were previously detailed in the Court's October 27, 2023, Memorandum Opinion and Order.  *See Woodruff*, 2023 WL 7110517.  To briefly summarize, Alvey allegedly struck Plaintiff's vehicle outside the Glenmont Metro Station on January 12, 2019, as Plaintiff halted at a stop sign.  Plaintiff alleged that the accident caused him severe and permanent personal injuries, leading Plaintiff to file this lawsuit sounding in negligence.

The Court previously dismissed Plaintiff's lawsuit because Plaintiff's claims are time-barred under the FTCA.  Specifically, the Court noted that the FTCA requires plaintiffs to file administrative claims with the appropriate government agency within two years of the date of accrual of the cause of action as a prerequisite to filing suit under the FTCA.  *See id.* at *3.  Plaintiff did not present his claim to the relevant government agency—the U.S. Army—within two years and the Court thus concluded that Plaintiff's claim is time-barred.  *Id.* at *4.  The Court noted that it was Plaintiff's burden after the incident to exercise reasonable care in investigating Alvey's employment status for Plaintiff to be on notice that his claim fell within the scope of the FTCA and that he needed to exhaust his administrative remedies therethrough.  *Id.*  However, the Court then acknowledged that Plaintiff "did not indicate or argue that the FTCA statute of limitations should be equitably tolled because of any misconduct on behalf of the Defendant" in hindering Plaintiff's ability to ascertain the existence and cause of his injury or the employment status of then-Defendant Alvey as a federal employee.  *Id.*  Accordingly, the Court granted Defendant's motion to dismiss, to which Plaintiff responded by filing the instant Motion.

## II.   STANDARD OF REVIEW

"Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a judgment no later than twenty-eight days after the entry of the judgment." *Brault v. Trans Union, LLC*, No. GJH-18-3244, 2019 WL 7293396, at *2 (D. Md. Dec. 27, 2019) (citing Fed. R. Civ. P. 59(e)).  This process effectively "permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)).  "A Rule 59(e) motion is discretionary. It need not be granted unless the district court finds that [1] there has been an intervening change of controlling law, [2] that new evidence has become available, or [3] that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010); *see also U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002).  Clear error or manifest injustice occurs where a court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Brault*, 2019 WL 7293396 at *2 (citing *Wagner v. Warden*, No. ELH-14-791, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016)).  Regarding the third exception, "this Court will only grant a Rule 59(e) motion to alter or amend a judgment . . . when the prior judgment 'strike[s] the court as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *Pittman v. Deutsche Bank Nat'l Tr. Co.*, No. GJH-18-02425, 2020 WL 5759767, at *3 (D. Md. Sept. 28, 2020) (quoting *June v. Thomasson*, No. CV GLR-14-2450, 2016 WL 7374432, at *2 (D. Md. Dec. 20, 2016)).  "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the

ability to address in the first instance." *Braunstein v. Pickens*, 406 F. App'x 791, 798 (4th Cir. 2011). Generally, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403. Moreover, the Fourth Circuit reviews a district court's decision to grant or deny a Rule 59(e) motion under an abuse of discretion standard. *Ward v. AutoZoners, LLC*, 958 F.3d 254, 271 (4th Cir. 2020); *Bogart v. Chappell*, 396 F.3d 548, 555 (4th Cir. 2005).

## III. DISCUSSION

Plaintiff now requests reconsideration of the Court's October 27, 2023, Memorandum Opinion and Order because "Plaintiff was purposefully misled by Mr. Alvey and his insurance company to Plaintiff's detriment." (ECF No. 29-1 at 2).[3] Plaintiff argues that (1) he initiated an insurance claim with Alvey's purported insurance carrier following the accident, but that the insurance company improperly failed to disclose Alvey's federal-employee status to Plaintiff; and (2) Defendant failed to identify Alvey as a federal employee until after the expiration of the statute of limitations had run. *Id.* at 3–4.

Plaintiff's arguments are not premised on an intervening change of law. Nor does Plaintiff allege that amending the Court's prior decision is appropriate because of newly obtained evidence. Rather, Plaintiff attempts to change the Court's mind through evidence that was readily available to Plaintiff in arguing Defendant's motion to dismiss but that he chose not to include in his three-page opposition thereto. *See generally* (ECF No. 26). Plaintiff had ample opportunity to present these arguments in the first instance when faced with the motion to dismiss, and this Court has consistently held that it is improper to grant relief under rule 59(e) "for reasons that plaintiffs could

---

[3] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

have advanced, but chose not to pursue." *Lawley v. Northam*, No. CIV.A. ELH-10-1074, 2013 WL 4525288, at *2 (D. Md. Aug. 23, 2013); *see also Seton v. United Gold Network*, No. CV DKC 2006-1246, 2008 WL 11509635, at *2–3 (D. Md. Mar. 24, 2008); *Pittman*, 2020 WL 5759767 at *3; *Uwasomba v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. CV RDB-18-2520, 2020 WL 7425330, at *3 (D. Md. Dec. 18, 2020), *aff'd.* No. 21-1091, 2022 WL 61421 (4th Cir. Jan. 6, 2022); *Alston v. Branch Banking & Tr. Co.*, No. GJH-15-3100, 2019 WL 13224972, at *1–2 (D. Md. May 7, 2019), *aff'd sub nom. Alston v. TransUnion, LLC*, 789 F. App'x 396 (4th Cir. 2020).

Further, Defendant points out that the communications between Plaintiff and Alvey's insurance company, which Plaintiff believes to be deceptive or withholding, are dated May 3, 2021, at the earliest. *See* (ECF No. 29-3). Plaintiff's cause of action under the FTCA accrued on January 12, 2019—the date of the alleged incident—and thus Plaintiff was required to file his claim with the appropriate administrative agency within two years therefrom, or January 12, 2021, at the latest. *See Woodruff*, 2023 WL 7110517 at *1; *Fleming v. United States*, 200 F. Supp. 3d 603, 608 (D. Md. 2016) ("[A] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such a claim accrues or unless action is begun within six months after the agency mails notice of denial of the claim.") (citing 28 U.S.C. § 2401(b)). Not only was Plaintiff's Complaint filed after the FTCA's statute of limitations had run, but the sole evidence Plaintiff relies on in support of his Motion further indicates his lack of diligence in properly pursuing his FTCA claim. As such, Plaintiff's motion will be denied.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Alter or Amend Judgment (ECF No. 29) is hereby **DENIED**.

Dated: December 18, 2023                 _____/s/_____
                                         J. Mark Coulson
                                         United States Magistrate Judge